Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial[1]

| | | |
|---|---|---|
| ERICK TORRES VELÁZQUEZ<br>Apelado<br><br>v.<br><br>KAYSHLA MARIE LÓPEZ VÉLEZ<br>Apelante | TA2026AP00005 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Caso Núm. GM2024CV00636<br><br>Sobre:<br>Daños y Perjuicios (Persecución maliciosa) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Comparece la señora Kayshla Marie López Vélez (señora López Vélez o apelante), mediante recurso de *Apelación,* solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI), en la que fue condenada a pagar al señor Erick Torres Velázquez (señor Torres Velázquez o apelado) la suma de veinte mil dólares ($20,000.00) en concepto de daños y perjuicios por persecución maliciosa.

Juzga la apelante que debemos revocar por cuanto la parte promovente de la causa de acción, el señor Torres Velázquez, no presentó prueba alguna en el juicio sobre la existencia de *malicia* al momento de formularse la denuncia o acusación. Es decir, sostiene la apelante que el foro apelado careció de prueba para concluir que acontecieron los presupuestos que posibilitan una causa de acción bajo la persecución maliciosa, estando ausente el elemento esencial de la malicia.

---

[1] Mediante Orden Administrativa DJ-2025-063B emitida el 20 de abril de 2026 se enmendó la composición de los paneles.

Tiene razón la señora López Vélez. Habiendo examinado la transcripción de la prueba oral nos resulta evidente la ausencia absoluta de prueba respecto al elemento de la malicia requerido en una causa de acción por persecución maliciosa, por tanto, Revocamos.

**I. Resumen del tracto procesal**

El 23 de agosto de 2024 el señor Torres Velázquez presentó una *Demanda* en daños y perjuicios contra la señora López Vélez. Alegó que, el 22 de febrero de 2024, fue imputado por presuntas violaciones a los Artículos 3.1 y 3.5 de la Ley Núm. 54-1898, según enmendada, la Ley para la Prevención e Intervención con la Violencia Doméstica (Ley 54), y al Artículo 3(a) de la Ley Núm. 154-2008, de la Ley para el Bienestar y la Protección de los Animales (Ley 154). Adujo que dichas imputaciones fueron *denunciadas y sostenidas* mediante declaración jurada por la alegada perjudicada, señora López Vélez. Que, efectuada la vista preliminar para considerar tales imputaciones, y luego del Tribunal recibir el testimonio bajo juramento de la señora López Vélez, se determinó la inexistencia de causa probable. Aseveró que la determinación de no causa "estuvo sostenida en las inconsistencias y mendacidad de la hoy demandada, Sra. Kayshla Marie López Vélez". Añadió que, "a tenor con esa determinación y contrario a toda razonabilidad el Ministerio Público anunció alzada de dicha determinación". Entonces, celebrada la vista preliminar en alzada, y tras examinar el testimonio de la señora López Vélez, el juzgador determinó no causa nuevamente.[2]

A partir de lo descrito, el apelado continuó alegando en su *Demanda* que, "[l]a acción adversativa criminal incoada por la [señora López] fue una maliciosa, malintencionada y mendaz".[3] Además, sostuvo que "[s]u denuncia se hizo con el único fin y propósito de atentar contra la libertad, el buen nombre y el puesto laboral que el demandante ocupaba en la farmacéutica

---

[2] Entrada Núm. 1 de SUMAC.
[3] *Íd.*, pág. 2.

Haleom Consumer Healthcare".[4] Arguyó que, como consecuencia de la orden de protección emitida automáticamente al iniciarse el referido proceso en su contra, la farmacéutica lo despidió sin esperar ni considerar los resultados del proceso, lo cual afectó su estabilidad económica y salud mental. Esgrimió que "la presente acción no se trata de una réplica jurídica a las denuncias incoadas por la demandada, sino una reclamación por los daños que generaron las calumnias, mendacidad y falso testimonio de la demandada. Daños que causó y sigue causando una denuncia falsa presentada y basada en calumnias, con conocimiento de la misma".[5] Por consiguiente, reclamó ser indemnizado por angustias y sufrimientos, daños a su salud mental, y la pérdida de ingresos o lucro cesante.

En respuesta, el 1 de octubre de 2024, la señora López Vélez presentó su *Contestación a Demanda*. En lo esencial, aceptó "que la denuncia de Ley 54 fue sostenida mediante declaración jurada prestada por la aquí compareciente". Con relación a las imputaciones bajo la Ley 154, sostuvo que estas denuncias fueron presentadas por causa de las observaciones de los agentes de la Policía. Por otra parte, afirmó que la Sala Municipal determinó causa probable para arresto por los delitos denunciados. Además, aceptó que en la vista preliminar no hubo causa, pero negó que dicha determinación obedeciera a *inconsistencias y mendacidad* de su parte.[6] De igual forma, negó las imputaciones sobre mendacidad, y, en cambio, afirmó que las alegaciones que hizo en contra del demandante, y que fueron canalizadas por la vía criminal, fueron ciertas y verdaderas. También refutó haber sido la causante de la pérdida de empleo, la inestabilidad económica y la salud mental afectada del apelado. Finalmente, rechazó "todo aquello que impute calumnias, mendacidad y falso testimonio".[7]

---

[4] *Íd.*
[5] *Íd.*
[6] Entrada Núm. 9 de SUMAC.
[7] *Íd.*

Ya iniciados los procesos previos a la celebración del juicio, surge del *Informe con Antelación al Juicio* suscritos por las partes, que estas estipularon los siguientes hechos: determinación de Causa en la vista de arresto; expedición de Orden de protección automática; determinación de No Causa tanto en la vista preliminar, como en la vista preliminar en alzada.[8]

Entonces, el 16 de octubre de 2025, fue celebrada la vista en su fondo. Además de los hechos estipulados por las partes, la prueba del señor Torres Velázquez consistió exclusivamente de su testimonio en sala.

Concluido el interrogatorio directo al señor Torres Velázquez, e inquirido por la representación legal de la apelante si esa era toda la prueba por la parte demandante, la referida abogada procedió a solicitar la desestimación de la causa de acción bajo la Regla 39.2(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(c). En síntesis, arguyó que la causa de acción en daños y perjuicios bajo la modalidad de persecución maliciosa exigía que la parte demandante pasara prueba sobre cuatro elementos. Sin embargo, desfilada la prueba testifical de la parte demandante, *no se pasó prueba de que la apelante hubiese instigado el procedimiento criminal maliciosamente*, por lo que procedía desestimar.

Ante ello, la representación legal del apelado esgrimió argumentos en contra de la moción de desestimación, y el TPI determinó reservarse su determinación para luego de escuchar toda la prueba.

A raíz de esta determinación del juzgador de los hechos, el juicio continuó con el contrainterrogatorio del apelado conducido por la abogada de la señora López Vélez. Concluido esto, se dio lugar a los interrogatorios pertinentes de la apelante, y posterior argumentación final por las partes.

Es así como, el 14 de noviembre de 2025, el TPI emitió la *Sentencia* cuya revocación nos solicita la apelante. En el contenido de dicho dictamen el tribunal *a quo* incluyó una lista de doce determinaciones de hechos. En

---

[8] Entrada Núm. 27 de SUMAC.

resumen, en las determinaciones de hechos se recogió lo siguiente: la relación que sostuvieron las partes; que ambos laboraban en el mismo lugar de trabajo, habiendo trabajado el demandante allí por dieciocho años; que se expidió una orden de protección como parte de la radicación criminal en contra del demandante, y cómo este fue suspendido de su empleo en lo que se dilucidaba dicho asunto; que durante el tiempo en que se veía la vista en alzada se mantenía la Orden de protección, razón por la cual el empleador prescindió de sus servicios; celebrada la vista en alzada se mantuvo la determinación de No Causa, pero el demandante ya había perdido su empleo; que por la pérdida de empleo no podía pagar pensión alimentaria, perdió el carro y confrontó atrasos en sus obligaciones mensuales; el demandante no produjo expediente médico sobre las angustias mentales; la demandada no produjo evidencia que contrarrestara sus alegaciones.[9]

Luego de las referidas determinaciones de hechos, en la Sentencia se procedió a citar jurisprudencia relativa a la causa de acción en daños y perjuicios por persecución maliciosa, y por daños extracontractuales en general. Finalizó el foro apelado afirmando que la parte apelante había obligado al apelado a atravesar un procedimiento criminal, cuyo resultado fue la expedición de una orden de protección, que le causó la pérdida de empleo. Además, en el mismo dictamen se afirmó que los foros primarios antes los cuales se dilucidaron los procesos bajo la Ley 54 no le habían conferido credibilidad a la demandada, y por ello se obtuvieron sendas determinaciones de No Causa. En definitiva, el TPI encontró probados los elementos de la persecución maliciosa, por lo que declaró Con Lugar la *Demanda* y condenó a la señora López Vélez a pagar al señor Torres Velázquez la suma de veinte mil dólares ($20,000.00) en concepto de daños y perjuicios.

---

[9] *Sentencia Final*, Entrada Núm. 32 (TPI), pág. 2.

Insatisfecha con la determinación del TPI, la señora López Vélez solicitó *Reconsideración*, que resultó denegada.

Juzga la señora López que incidió el TPI al así decidir, por lo que acude ante nosotros, mediante recurso de *Apelación*, señalando la comisión de los siguientes errores:

**PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia al declarar "No Ha Lugar" la moción de Reconsideración presentada por la parte demandada-apelante, toda vez que en esta se expusieron con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estimó que debían reconsiderarse.

**SEGUNDO ERROR:** Erró el Honorable Tribunal al determinar que con la escueta prueba presentada por la parte demandante-apelada se confeccionó una causa de acción por persecución maliciosa.

**TERCER ERROR:** Erró el Honorable Tribunal de Primera Instancia al Declarar No Ha Lugar la solicitud de desestimación al amparo de la Regla 39.2 presentada por la parte demandada-apelante Non Suit.

**CUARTO ERROR:** Erró el Honorable Tribunal de Primera Instancia al concluir que el demandante fuera despedido de su empleo y que las razones de su despido fueran atribuibles a la parte demandada, sin que éste presentara prueba de que en efecto fue despedido y mucho menos por razones atribuibles a la parte demandada-apelante.

**QUINTO ERROR:** Erró el Honorable Tribunal al determinar en su sentencia que, en el proceso criminal instado contra el Sr. Erick Torres Velázquez, el Tribunal no confirió credibilidad a la Sra. Kayshla Marie López Vélez, razón por lo que hubo una determinación de No Causa en los delitos imputados.

**SEXTO ERROR:** Erró el Honorable Tribunal de Primera Instancia al determinar que el demandante-apelado perdió el vehículo por falta de pago, que tuvo atrasos en sus obligaciones mensuales y que éste no pudo pagar la pensión de su hija cuando este no trajo prueba alguna para probar sus alegaciones.

Además, la apelante presentó una Transcripción de la Prueba Oral (TPO).

A su vez, el señor Torres Velázquez compareció ante nosotros mediante *Alegato de la Parte Apelada*. Arguyó que "[n]o es posible menospreciar la credibilidad que el TPI le otorgó […] en cuanto a que el [*sic*] no cometió los actos y que todo lo indicado por la [señora] López Vélez era falso", ya que "evidencia la malicia requerida para la acción de persecución maliciosa".[10]

---

[10] *Alegato de la Parte Apelada*, Entrada Núm. 10 de SUMAC (TA), pág. 12.

Con el beneficio de la comparecencia de las partes, disponemos del recurso ante nuestra consideración.

**II. Exposición de Derecho**

a.

La acción de persecución maliciosa o uso injustificado de los procedimientos legales es una reclamación de daños y perjuicios causados por conducta torticera intencional. *García v. ELA*, 163 DPR 800, 810 (2005); H.M. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, 2$^{da}$ ed., Publicaciones JTS, Inc., 1986, Vol. I, pág. 109. Con mayor precisión, la persecución maliciosa consiste en:

> **la presentación maliciosa** y sin causa de acción probable, de un proceso criminal o civil contra una persona, que produce daños a ésta'. [...] Esta acción procede cuando un sujeto sigue "todas las formalidades legales requeridas **pero las 'pervierte' o 'corrompe' al actuar maliciosamente** y sin causa de acción probable'. *Toro Rivera v. ELA*, 194 DPR 393, 408 (2015). (Énfasis provisto).

Para que un demandante prospere en una causa de acción por persecución maliciosa, tiene que cumplir con los siguientes requisitos: (1) que el demandado instituyó o instigó una acción civil o penal contra el demandante; (2) que la siguió maliciosamente y sin que existiera causa probable; (3) que la causa terminó de modo favorable para el demandante; y (4) que el demandante sufrió daños como consecuencia de ello. *Toro Rivera v. ELA*, supra, págs. 408-409; *Parrilla v. Ranger American of PR*, 133 DPR 263, 273 (1993); *Ayala v. San Juan Racing Corp.*, 112 DPR 804, 812 (1982); *Raldiris v. Levitt & Sons of PR, Inc.*, 103 DPR 778, 781 (1975); *Fonseca v. Oyola*, 77 DPR 525, 528 (1954).

En cuanto al primer criterio, se exige que el demandado haya formulado o denunciado la imputación de un delito a un funcionario del orden público. *Raldiris v. Levitt & Sons of PR, Inc.*, supra. Mientras que, en el segundo, el Tribunal Supremo de Puerto Rico ha dispuesto que, para prevalecer en una causa de acción por persecución maliciosa, **se tiene que probar que el demandado <u>instigó activa y maliciosamente la iniciación</u>**

**del proceso y que no fueron las autoridades quienes a base de su propia evaluación de los hechos decidieron procesar al demandante**. (Énfasis y subrayado provistos). *Íd.*, pág. 781-782. **La malicia es un elemento esencial de la persecución maliciosa**, en nuestro ordenamiento se le cataloga como una acción en daños y perjuicios causados **por conducta torticera intencional**. *García v. E.L.A.,* supra, pág. 810. (Énfasis provisto). Respecto al tercer criterio, se impone que el proceso se haya adjudicado a favor del demandante. *Raldiris v. Levitt & Sons of PR, Inc.*, supra.

En consonancia con la oración que antecede resulta necesario resaltar que **la malicia no se presume,** de manera que corresponde a la parte que la esgrime probarla. *Raldiris v. Levitt & Sons of PR, Inc.*, supra, pág. 782. (Énfasis provisto).

Los requisitos probatorios bajo una acción por persecución maliciosa encuentran explicación, además, en el hecho de que:

> [l]a comunidad está interesada en que se investigue y se persiga la comisión de delitos y no deben imponerse penalidades a aquellos que cooperan con la administración de la justicia. Naturalmente, existe también un importante interés social en que no se atropelle ni se persiga arbitraria o maliciosamente a los inocentes. Por esta razón una acusación caprichosa, formulada de mala fe y sin fundamentos razonables serviría de ingrediente en una acción de persecución maliciosa, pero una declaración basada en una creencia razonable y de buena fe no conlleva responsabilidad civil. *Íd.*, pág. 782, citando a *Jiménez v. Sánchez*, 76 PR 370, 377 (1954).

En atención a ello, "**el mero hecho de informar a las autoridades la comisión de un delito no es suficiente para imponer responsabilidad**". *Raldiris v. Levitt & Sons of PR, Inc.*, supra, pág. 781. (Énfasis provisto). "De igual forma, tampoco el suministrar información a las autoridades del Estado constituye, de por sí, la instigación que se requiere como elemento esencial de esta causa de acción". *Parrilla v. Ranger American of PR*, supra, pág. 273, citando a *Raldiris v. Levitt & Sons of P.R., Inc.*, supra, pág. 782. Por tanto, **"[e]l demandante tiene el peso de probar la malicia con bases fácticas y no con alegaciones vagas o meras conclusiones de derecho"**. (Énfasis suplido). *Toro Rivera v. ELA*, supra, pág. 409.

Conviene concluir este segmento advirtiendo que "[l]**a acción por persecución maliciosa no es favorecida por los tribunales, ya que ésta tiende a desalentar el que la ciudadanía coopere con el Estado en la persecución de los delitos**¨. *Parrilla v. Ranger American of PR*, 133 DPR 263, 273 (1993). (Énfasis provisto). "Esta acción requiere que se haga un balance entre el interés de la comunidad en general en que se investigue y se persiga la comisión de delitos y el igualmente importante interés social de que no se atropelle ni se persiga, arbitraria y maliciosamente, a los ciudadanos inocentes". *Íd.*

b.

La Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, dispone que *[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos.*

Por tanto, en ausencia de error manifiesto, prejuicio, pasión o parcialidad, no intervendremos con sus conclusiones de hechos y apreciación de la prueba. *Rivera Menéndez v. Action Services*, 185 DPR 431, 448 (2012); *Argüello v. Argüello*, 155 DPR 62, 78 (2001). Esta norma parte de la premisa de que es el foro primario el que está en mejor posición para evaluar y adjudicar la credibilidad de los testigos, pues tuvo la oportunidad de escuchar y ver declarar a los testigos. *Rivera Torres v. Díaz López*, 207 DPR 636, 658 (2021); *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884, 917 (2016).

Incurre en pasión, prejuicio o parcialidad *[a]quel juzgador que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna. Ortiz Ortiz v. Medtronic P.R. Operations, Co.,*

209 DPR 759, 778 (2022); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

Por su parte, el error manifiesto ocurre cuando el foro apelativo queda convencido de que se cometió un error, a pesar de que haya evidencia que sostenga las conclusiones de hecho del tribunal, porque existe un conflicto entre las conclusiones y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. *Ortiz Ortiz v. Medtronic P.R. Operations, Co.*, pág. 779; *Méndez v. Morales*, 142 DPR 26, 36 (1996). Se incurre en un error manifiesto "cuando la apreciación de esa prueba *se distancia de la realidad fáctica o es inherentemente imposible o increíble*". *Íd.* Por lo tanto, "la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, **a la luz de la prueba admitida, no exista base suficiente que apoye su determinación**". *Íd.* (Énfasis provisto).

**III. Aplicación del Derecho a los hechos**

a.

La dilucidación del segundo señalamiento de error dispone del recurso ante nuestra consideración, por ello limitaremos nuestra discusión a la controversia allí contenida.

A este punto debe quedar clarísima la contención de la parte apelante al solicitar la revocación de la Sentencia dictada en su contra, que se puede resumir en la siguiente expresión: "la prueba presentada por la parte demandante en forma alguna sostiene la conclusión de que la parte demandada haya actuado con malicia, elemento indispensable de la causa de acción".[11]

Opone a ello la parte apelada al sostener que quedó demostrado que las actuaciones de la apelante dieron lugar a un proceso penal infundado que le causaron daños, y este foro apelativo debe mostrar deferencia a la

---

[11] Recurso de apelación, pág. 15.

credibilidad que le concedió el TPI a su testimonio, y al hecho de que lo indicado por la apelante fue falso.

b.

Comenzamos por señalar que con la sola lectura del *Alegato de la parte apelada* queda revelado sin dificultad que el señor Torres Velázquez **no** pudo identificar en la evidencia documental o testifical desfilada ante el TPI, la prueba para sostener el elemento de malicia requerido en la causa de acción de daños y perjuicios por persecución maliciosa. Y es que, simplemente, no existe prueba tal, según bien lo identificó la parte apelada desde el mismo instante en que le solicitó al TPI la desestimación de la causa de acción bajo la Regla 39.2(c) de Procedimiento Civil, *supra*.

Con todo, nuestra intervención con el dictamen del foro apelado amerita o requiere que verifiquemos la prueba que este sopesó.

Según ya lo indicamos, las partes estipularon con antelación al juicio los siguientes hechos: determinación de Causa en la vista de arresto; expedición de Orden de protección automática; determinación de No Causa tanto en la vista preliminar, como en la vista preliminar en alzada.

Entonces, visto que los requisitos para probar la persecución maliciosa son los siguientes: (1) que el demandado instituyó o instigó una acción civil o penal contra el demandante; (2) que la siguió maliciosamente y sin que existiera causa probable; (3) que la causa terminó de modo favorable para el demandante; y (4) que el demandante sufrió daños como consecuencia de ello; *Toro Rivera v. ELA*, supra; *Parrilla v. Ranger American of PR*, supra, la prueba estipulada sirvió el propósito de demostrar que la parte apelada *instó una acción penal contra el apelado*, y que dicho proceso *finalizó de modo favorable a este*. Por tanto, debemos acudir a la prueba testifical presentada por la parte apelada para escudriñar si con ella se lograron establecer los demás elementos de la causa de acción enumerados.

Al afirmar lo anterior, valga recordar que la Regla 110(a) y (b) de Evidencia, 32 LPRA Ap. VI, pone el peso de la prueba en la parte que "resultaría vencida de no presentarse evidencia por alguna de las partes"; y la obligación de presentar evidencia "recae sobre la parte que sostiene la afirmativa en el asunto en controversia". Es decir, tocaba a la parte apelante presentar prueba sobre cada uno de los elementos de la persecución maliciosa alegada.

Retornando a la prueba testifical que sopesó el TPI, como dijimos, más allá de la prueba estipulada, el apelado descansó por entero o únicamente en su testimonio para establecer la causa de acción promovida. Para el examen de dicho testimonio contamos con la TPO estipulada por las partes.

Habiendo enfatizado y subrayado este foro intermedio en la exposición de derecho sobre la centralidad que tiene el elemento de la malicia en la causa de acción por persecución maliciosa, prestaremos particular atención a dicho elemento al escudriñar la TPO.

En el examen directo del apelado, este inició dando datos sobre su profesión, el lugar donde trabajaba, la relación de convivencia que mantuvo con la apelada, y la fecha en la cual dicha relación concluyó, por petición de esta.[12] A partir de ello, el apelante indicó que, el 22 de febrero de 2024, la fiscalía le presentó cargos por violencia doméstica, por agresión sexual contra la apelada.[13] Indicó que fue celebrada la vista preliminar y se determinó no causa. Entonces, a preguntas de su abogado sobre qué dijo el juez al determinar no causa, el testigo no pudo testificar acerca de ello, por causa de una objeción levantada por la abogada de la apelante. Es decir, el récord está huérfano sobre los posibles fundamentos que tuviera el juez que intervino en esa etapa de los procesos, al determinar no causa en la vista preliminar.[14]

---

[12] TPO, págs. 9-13.
[13] TPO, págs. 14-15.
[14] TPO, págs. 16-17.

A renglón seguido, el mismo testigo narró que fiscalía decidió volver a someter nuevamente los cargos[15], pero el juez que vio este segundo asunto también determinó no causa. Una vez más, el abogado del apelante le preguntó al señor Torres Velázquez qué había expresado este segundo juez al determinar no causa (en la vista preliminar en alzada), a lo que el apelante solo contestó que este dijo "no hay caso".[16]

Sépase que lo anterior fue toda y la única prueba testifical, o de otro tipo, que presentó el apelante para establecer que la apelante "**instigó activa y maliciosamente la iniciación del proceso <u>y que no fueron las autoridades quienes a base de su propia evaluación de los hechos decidieron procesar</u>**" al apelado. *Raldiris v. Levitt & Sons of PR,* supra. (Énfasis provisto). Es decir, no se aprecia ni asomo de prueba relativa al requerimiento sobre malicia que precisa demostrar la parte promovente de una causa de acción por presunta persecución maliciosa.

Habiendo terminado así las preguntas sobre los eventos acerca del proceso criminal llevado a cabo en contra del apelado, el interrogatorio directo del señor Torres Velázquez se dirigió a establecer lo que ocurrió en su lugar de trabajo como consecuencia de la orden de protección expedida en su contra, y los daños que, adujo, sufrió a causa de haber sido despedido del trabajo por el proceso criminal descrito.[17]

Como se nota, repetimos, la desnudez de la prueba testifical para establecer el elemento esencial de que la apelante *instigó activa y maliciosamente la iniciación del proceso y que no fueron las autoridades quienes a base de su propia evaluación de los hechos decidieron procesar,* es patente. Primero, y tal como lo resaltamos en la exposición de derecho, en el contexto de una causa de acción por persecución maliciosa la malicia no se presume, sino que le corresponde a la parte demandante probarla. *Raldiris*

---

[15] TPO, pág. 18.
[16] TPO, pág.19.
[17] TPO, págs. 20-31.

*v. Levitt & Sons of PR,* supra. Ninguna parte del testimonio del apelado sirvió para establecer tal malicia.

Atado a lo anterior, obsérvese que en la presentación de la denuncia y posterior radicación de cargos contra el apelado bajo la Ley 54 y Ley 154 tuvieron que intervenir tanto la Policía de Puerto Rico, como el Ministerio Público, de modo que no cabía atribuírsele a la apelada la iniciación del proceso criminal maliciosamente (la malicia no se presume) sin prueba en contrario. Respecto a este preciso asunto, en sendas ocasiones el propio apelado testificó que *fue la fiscalía* la que le formuló los cargos[18], y *la determinación de presentarle los cargos bajo la Ley 54 fue de los fiscales.*[19] Por tanto, correspondía al apelado pasar prueba que pusiera en posición al TPI de determinar que la determinación del Ministerio Público en presentar cargos en su contra *fue instigada por la apelante de manera maliciosa, mediando una imputación hecha de mala fe y sin fundamento*, y no porque los representantes del Pueblo decidieran tal curso de acción. No lo hizo.

Como con tanta claridad lo advirtiera nuestro Tribunal Supremo en *Parrilla v. Ranger American o PR,* supra, pág. 276-277, "**el solo hecho de querellarse ante las autoridades o de suministrar información a un agente del orden público, ya fuere éste un policía, un fiscal o un juez, no constituye el elemento de instigación que se requiere para probar persecución maliciosa. Para que prospere una acción en daños por persecución maliciosa <u>tiene que mediar una imputación hecha de mala fe y sin fundamento</u>**". (Énfasis y subrayado provistos). A fin de cuentas, es el demandante quien "tiene el peso de probar la malicia **con bases fácticas y no con alegaciones vagas o meras conclusiones de derecho**". *Toro v. E.L.A.,* supra, pág. 409. (Énfasis provisto). Muy lejana quedó la prueba presentada por el apelado de demostrar que la imputación de la señora López

---

[18] TPO, pág. 14.
[19] TPO, pág. 65.

Vélez que dio lugar a que el Ministerio Público instar sendas denuncias, y hasta solicitara una vista preliminar en alzada, fuera *de mala fe y sin fundamento*.

Aunque reiteremos, correspondía a la parte promovente establecer primero el esencialísimo elemento de la malicia, cuya discusión hemos remachado, para entonces poder pasar prueba sobre los alegados daños causados por la alegada persecución maliciosa. *Ergo,* en ausencia de la malicia requerida, ningún daño se le podía imputar a la parte que tan solo recurrió a las autoridades públicas para dirimir, en este caso, una controversia sobre presunta violencia doméstica.

De todo lo dicho surge sin dificultad que estamos habilitados para intervenir con las determinaciones de hechos alcanzadas por el TPI, por cuanto, de la prueba admitida, **no existe base suficiente que apoye su determinación.** *Ortiz Ortiz v. Medtronics P.R. Operation,* Co. supra.

**IV. Parte dispositiva**

Por los fundamentos expuestos, *revocamos* la Sentencia apelada. En consecuencia, ordenamos la desestimación de la *Demanda* presentada.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones